IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR85 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER FICKLIN, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR BOND |
| Defendant. | ) | PENDING SENTENCING |

Now comes the United States of America, by and through the undersigned counsel, and respectfully submits the following Response to Defendant Christopher Ficklin's ("the defendant") motion for bond pending sentencing (Doc. 95). Pursuant to 18 U.S.C. § 3143, the defendant cannot obtain the relief he is seeking, and this Court's inquiry should end there. Further, the Court should not look to 18 U.S.C. § 3145(c) because the defendant failed at 18 U.S.C. § 3143. Finally, in any event, the defendant has not presented exceptional reasons justifying his release pending sentencing. For the reasons stated herein, the United States of America requests that this Court deny the defendant's Motion.

## I.   FACTUAL AND PROCEDURAL HISTORY

On March 3, 2022, a federal grand jury returned a 30-count indictment charging four defendants. The defendant's charges included a drug conspiracy, distribution and possession with intent to distribute cocaine, being a felon in possession of three firearms, engaging in an international money laundering conspiracy, and using a cell phone to commit felony drug offenses. (Doc. 1: Indictment). These charges stem from a lengthy investigation by the DEA which revealed that between July and November 2020, the defendant received more than 500 kilograms of cocaine at his Carnegie Avenue business address for redistribution in Northern

Ohio.  Further, the defendant paid more than $13 million in cocaine sales proceeds back to his suppliers in Mexico.  When police executed search warrants at his residence and business, the defendant possessed large sums of cash and multiple firearms.  Additional details of the investigation are included in the United States' Response (and Exhibit 1) to the defendant's Motion to Suppress (Docs. 60, 60-1), and the factual basis of the defendant's Plea Agreement (Doc. 94), both of which this Court has previously reviewed.

The defendant was arrested on March 15, 2022, and on March 21, 2022, this Court held a detention hearing.  (Doc. N/A, Minutes Entry, March 21, 2022).  During the hearing, both parties presented evidence.  (*Id.*).  This Court found that the defendant had not overcome the presumption of detention and ordered him detained pending trial.  (*Id.*).

On December 15, 2022, the defendant pled guilty to twenty-four of the twenty-six charges alleged in the indictment against him, pursuant to a plea agreement.  (Doc. N/A, Minutes Entry, December 15, 2022; Doc. 94).  This Court set the sentencing hearing for March 28, 2022, and ordered the defendant to remain in custody pending sentencing.  (*Id.*).

Presently before the Court is defendant's motion for bond pending sentencing, filed on December 22, 2022.  (Doc. 95).  He argues that the need to care for his father who recently suffered a stroke and the need to "attend to personal matters" amount to "exceptional reasons" justifying his release pending sentencing.  (*Id.*, PageID 1,067).  This Court should deny the defendant's motion because he cannot satisfy the requirements of 18 U.S.C. § 3143(a)(2)(A)-(B).  Further, this Court cannot turn to the "exceptional reasons" analysis in 18 U.S.C. § 3145(c) if the defendant fails at 18 U.S.C. § 3143.  Finally, in any event, the defendant has failed to identify exceptional circumstances justifying release, and his motion should be denied.

2

II.    **ARGUMENT**

### 1. Defendant does not satisfy the preconditions of § 3143(a)(2)(A)(i)-(ii)

Pursuant to 18 U.S.C. § 3143, the defendant cannot obtain the relief he is seeking.  As set forth above, the defendant has already pled guilty and therefore is seeking release pending sentencing.   Under 18 U.S.C. § 3143(a)(2), release is strictly limited in that situation. That provision provides:

> The judicial officer *shall* order that a person who has been found guilty of an offense in the case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>>
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(A)-(B) (emphasis added).

Thus, under Section 3143(a)(2), as a threshold consideration, the defendant needs to show that (1) there is a substantial likelihood that he will win a motion for acquittal or be granted a new trial or (2) that the government has recommended a sentence of no prison time. The defendant entered into a plea agreement with the United States, and he has not moved to withdraw.  Therefore, there is no avenue for acquittal and a new trial is not a possibility. Further, the plea agreement was pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), with an agreed-to term of 144 months imprisonment.  (Doc. 94, PageID 1051, 1056). Therefore, at the time of sentencing the parties will ask this Court to sentence the defendant to the agreed 144 months.

3

The defendant's motion fails. He does not meet the requirements of §
3143(a)(2)(A)(i)-(ii), so this Court cannot even get to an analysis of his risk of flight or danger
to the community under § 3143(a)(B). *See* Mem. Op and order, Doc. 91 at p. 3, *United States
v. Liston*, No. 1:19-CR-646 (April 14, 2020) ("As an initial matter, § 3143(a)(2)(i)-(ii) requires
the Court to dismiss Defendant's Motion. Since he pleaded guilty, it is unlikely a motion for
acquittal or motion for new trial is forthcoming. Moreover, the Government has not
recommended that no sentence of imprisonment be imposed. In fact, due to the Plea
Agreement, the Government is seeking a sentence within the range of 51-63 months at the
time of sentencing. Since Defendant cannot satisfy these necessary preconditions,
Defendant's Motion fails.") (internal citation omitted).

This Court's analysis should end here, and the defendant's motion should be denied.

2.  **<u>Defendant cannot present "clear and convincing evidence that [he] is not likely
    to flee or pose a danger to any other person or the community."</u>**

If this Court were to determine that the defendant has met the preconditions of Section
§ 3143(a)(2)(A)(i)-(ii), he nevertheless failed to present clear and convincing evidence that he
is not likely to flee or pose a danger within the community. Section 3143(a) presumes
dangerousness, and the criminal defendant must overcome this presumption. *United States v.
Vance*, 851 F.2d 166, 168 (6th Cir. 1988). Of course, at the time of the defendant's detention
hearing, this Court found that he had failed to overcome that presumption.

In his motion, the defendant summarily addresses these considerations. As to risk of
flight, he asserts that he has lengthy ties to the community and local family, was employed by
the City of Cleveland for decades, and owns a home. These facts, along with witness
testimony presented by the defendant at the detention hearing, were insufficient then to

overcome the presumption of detention. Further, save for the recent stroke suffered by his father, his family, community ties, and employment did nothing to stop the defendant from engaging in a prolific drug trafficking and money laundering conspiracy over several years. The defendant argues that his past employment and home ownership show he will not flee, but he seeks bond so that he can resign from his job and sell his home. He is asking for release so that he can reduce his community ties.

Danger to the community is another issue. The defendant's only argument on this front is that the Pretrial Services Report found him to be a PTRA 2 and recommended bond. But, as this Court is aware, the Pretrial Services Department does not take the facts and circumstances of the offense conduct into consideration when preparing those reports. Likewise, this Court rejected the bond recommendation after a lengthy detention hearing, and after finding that the defendant failed to rebut the presumption of detention. Now, several months later, the allegations presented in the Indictment, and discussed at the detention hearing, are no longer allegations; the defendant pled guilty and admitted to committing these offenses.

The defendant has not shown clear and convincing evidence that he is not likely to flee or pose a danger within the community, and his motion should likewise be denied on these grounds.

3. **This Court cannot turn to the "exceptional reasons" analysis under 18 U.S.C. § 3145(c) if the defendant failed under 18 U.S.C. § 3143.**

The defendant asserts that "exceptional reasons" warrant his release under 18 U.S.C. § 3145(c). First, because he has failed under 18 U.S.C. § 3143, this Court cannot consider his proffered circumstances under § 3145(c). Additionally, the defendant has failed to present truly exceptional reasons justifying his release.

In *United States v. Evans*, a district court in Michigan reviewed the statutes at issue here. The court confirmed that under § 3145(c), a person subject to detention pursuant to § 3143 may be ordered released if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. *United States v. Evans*, 2021 U.S. Dist. LEXIS 26915 (E.D. Mich., Feb. 12, 2021). The court went on to clarify that, "[b]efore the Court can proceed to the exceptional reasons analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released." *Id.*, citing *United States v. Brown*, No. 17-24, 2020 U.S. Dist. LEXIS 106010, 2020 WL 3255147, at *2 (S.D. Ohio June 16, 2020) (internal quotation marks and citation omitted). This makes clear that, if the defendant fails at 18 U.S.C. § 3143, this Court cannot get to 18 U.S.C. § 3145(c)'s "exceptional reasons" analysis. Because the defendant has failed to present clear and convincing evidence that he is not likely to flee or pose a danger within the community as required by 18 U.S.C. § 3143(a)(2)(B), his motion should be denied.

Furthermore, the defendant's proffered exceptional circumstances do not justify his release. The defendant states that his father recently suffered from a stroke, and that he wishes to attend to personal matters prior to sentencing.

In *United States v. Kudmani*, a district court in Kentucky addressed the exceptional reasons analysis, stating:

> Courts generally agree that the term "exceptional reasons" is limited to those situations which are "out of the ordinary," "uncommon," or "rare." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary")). "Additionally, the cases establish that mere personal reasons, including caring for a family or gainful employment are not 'exceptional.'" *Miller*, 568 F. Supp. 2d at 774. *See also United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010); *United States v. Bush*, 2013 U.S. Dist. LEXIS 104858, 2013 WL 3884505, *3 (E.D. Tenn. July 26, 2013).

Here, the defendant notes that his father recently suffered a stroke.  The defendant does not allege that he is or was the primary caregiver to his father prior to the stroke.  If fact, he makes no mention of his relationship with his father whatsoever.[1]  Nor does his motion address that the defendant has two adult siblings – Charles and Chrystal Ficklin – both of whom live in Cleveland, who presumably could provide care for their father.[2]  Furthermore, the doctor's note provided by the defendant states that his father will be transferred to a rehabilitation center in the near future, and does not indicate what, if any, additional care is required from the family or the defendant specifically.

In his motion, the defendant cites *United States v. Jeffries*, No. 5:16 CR 180, 2018 U.S. Dist. LEXIS 229136, at *8 (N.D. Ohio June 15, 2018).  This case, and numerous others reviewing the "exceptional reasons" language of 18 U.S.C. 3145(c), make clear that "[w]hether 'exceptional reasons' exist is quintessentially a fact-intensive inquiry requiring a case by case analysis." *United States v. Jeffries*, No. 5:16 CR 180, 2018 U.S. Dist. LEXIS 229136, at *8 (N.D. Ohio June 15, 2018).  But the defendant provides no such facts to justify why his circumstances are so out of the ordinary.  And, the *Jeffries* court acknowledged that "[t]he parties agree that family hardship generally does not constitute an exceptional circumstance." *Id.* at *7-8 (citing *United States v. Cook*, 42 F. App'x 803 (6th Cir. 2002) (affirming district court finding that cooperation with government and hardship to family and business associates were not "exceptional reasons")).

---

[1] In the Pretrial Services Report, the defendant noted that his father lives in Cleveland, Ohio, but said nothing else of the relationship.

[2] The United States notes that both Charles and Chrystal Ficklin were present on the virtual change of plea Zoom hearing conducted in this case on December 15, 2022.

To be sure, in granting a limited release, the *Jeffries* court outlined the exceedingly specific and rare circumstances justifying that defendant's release:

> Mr. Jeffries states that his son was born in late 2017 and that he was the primary daytime caregiver of his son, as well as his eight-year-old daughter who is legally blind in one eye. Mr. Jeffries provides the court with a letter from his son's medical provider indicating that Mr. Jeffries' son suffers from gastroesophageal reflux disease. The medical provider states that Mr. Jeffries' son requires twenty-four-hour supervision when his disease "flares up" and recommends that a parent remain at home with him during such instances. Mr. Jeffries indicates that his infant's mother is near losing her employment as a result of the care required for their son. Mr. Jeffries requests relief from detention so that he can care for his son, as well as his daughter, while making arrangements for their long-term care.

*Id.* at *5 (citations omitted).

Instead, when engaging in a fact-intensive analysis, numerous courts consistently hold that "[c]ontrary to Defendant's argument, case law reflects that caring for ill family members has generally not been considered as an 'exceptional reason' within the meaning of § 3145(c)." *United States v. Kudmani*, 2017 U.S. Dist. LEXIS 106849, at *8 (W.D. Ky., July 11, 2017). *See also, United States v. Bush*, 2013 U.S. Dist. LEXIS 104858, 2013 WL 3884505, at *4 (E.D. Tenn. July 26, 2013*)* (visiting or caring for a family member who was near death did not rise to the level of exceptional reasons under *§ 3145(c)*); *United States v. Burnett,* 76 F. Supp. 2d 846, 849-50 (E.D. Tenn. 1999*)* (defendant's role as the primary care provider for her seventy-seven year old mother and fifty-three year old brother, both of whom have a number of health problems and require assistance, does not constitute exceptional reasons warranting release).  As one district court in New York held,

> Although the Court obviously sympathizes with Defendant's personal family situation, incarceration regrettably inflicts family hardship on many, if not most, defendants who appear before this Court.  Rather than personal family hardships being 'out of the ordinary,' 'uncommon' or 'rare' with defendants convicted of similar drug trafficking crimes, personal family hardships are very common and occur in a great number of cases before this court.

*United States v. Lippold,* 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001).  Moreover, "recognizing personal . . . [or] familial . . . hardships as exceptional reasons would allow the exception of release to swallow the rule of mandatory detention." *Bush,* 2013 U.S. Dist. LEXIS 104858, 2013 WL 3884505, *4.

The United States sympathizes with the defendant's wish to care for his father in the wake of his recent stroke.  But, simply put, that is not an exceptional reason justifying his release.  The defendant has not shown that his father requires the defendant's care at all.  And, while the defendant did not develop his argument or present facts about his need to sell his home or resign from employment, those circumstances are hardly out of the ordinary for a defendant awaiting sentencing in federal court.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion and order his continued detention pending sentencing.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:

Robert J. Kolansky (PA: 316899)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3780
(216) 522-7499 (facsimile)
Robert.Kolansky@usdoj.gov

9